UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:13-CR-105-CRS

NATHAN RALSTON                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Nathan Ralston, seeking release from prison and an order permitting him to serve the remainder of his sentence in home confinement.  Ralston served a prison sentence for possessing with intent to distribute cocaine, then began a term of supervised release.  After committing a number of violations, his supervised release was revoked and he was sentenced to serve one year and one day for those violations with no supervised release to follow.  He is currently serving this sentence in USP Hazelton in West Virginia.  The United States reports that Ralston's release date appears to be June 21, 2020.

Ralston has filed a motion (DN 101) which does not specify any authority under which he suggests the court could order such relief.  The United States' response (DN 103) addresses the motion as a request for release and home confinement or for compassionate release, and objects to Ralston's motion.

Whether viewed as a motion for release and for home confinement or as one for compassionate release, Ralston has failed to exhaust his administrative remedies.  Therefore, his motion must be denied.

Normally, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home

confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The CARES Act expands the period of home confinement the Director can authorize for a prisoner during the COVID-19 emergency period "as the Director deems appropriate." CARES Act, PL 116-136, 134 Stat. 281 (March 27, 2020) § 12003(b)(2). "While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement. *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020)." *United States v. McCann*, No. CR 5:13-52, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020).

Thus, a prisoner may seek review of the BOP's decision regarding home confinement by filing a habeas petition pursuant to 28 U.S.C. § 2241. However, a prisoner must usually first exhaust his administrative remedies, and once exhausted, must bring the petition in the district in which the prisoner is confined. *See, e.g.*, *Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 WL 2417654 (M.D. Ala. May 17, 2019) (holding that a prisoner challenging the BOP's denial of home confinement under the First Step Act must exhaust his administrative remedies before seeking habeas relief under § 2241); *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794 (E.D. Ky. Feb. 20, 2019) (same); *Smith v. Streeval*, No. 0:19-005-HRW, 2019 U.S Dist. LEXIS 22261, at *4-5 (E.D. Ky. Feb. 12, 2019) (same) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *but see United States v. Serfass*, No. 3:15-39, 2020 U.S. Dist. LEXIS 66071 (M.D. Pa. Apr. 15, 2020) (construing a motion for immediate release to home confinement under the CARES Act as an emergency § 2241 petition). However, the proper venue for a § 2241 petition is in the judicial district where the prisoner is confined or his

custodian is located. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); see also *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, as a general rule, jurisdiction for a § 2241 petition "lies in only one district: the district of confinement").

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a term of imprisonment and grant what is known as "compassionate release" for extraordinary and compelling reasons.  Prior to December 2018, motions for compassionate release could only be made by the Director of Prisons.  However, the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"   While there appears to be a split of authority concerning whether the requirement of exhaustion may be waived[1], today we recognize the view of the majority of district courts and the only circuit court to address the issue that the statutory requirement of exhaustion is mandatory and hold under the circumstances in this case that waiver of the requirement due to the COVID-19 pandemic is inappropriate.  *United States v. Blankenship*, No. 7:15-011-DCR-1, 2020 WL 2309245 (E.D.Ky. May 8, 2020)(citing *United States v. Raita*, 954 F.3d 594, 597 (3d Cir. 2020) and dist. cases); *United States v. Bolze*, No. 3:09-CR-93-TAV-DCP-1, 2020 WL 2449782 (E.D.Tenn. May 12, 2020).

---

[1] *See United States v. Crouch*, No. 5:19-cr-00029-TBR, 2020 WL 1963781 (W.D.Ky. April 23, 2020) and cases cited therein.

The World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11, 2020.[2] The President of the United States declared a national emergency on March 13, 2020.[3] As of the date of this writing, there are 4,789,205 confirmed cases worldwide and 318,789 deaths; in the United States, there are 1,477,459 confirmed cases and 89,271 deaths.[4] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the court addresses motions for compassionate release, and Ralston's motion in particular here, with the gravity of the situation in mind.

It appears that Ralston has not even attempted to exhaust his administrative remedies. He does not indicate that he has filed anything other than the motion presently before this court. He has not sought relief through the appropriate administrative process and we must therefore deny his motion. Ralston states that he has had "breathing issues" in the past and fears contraction of the COVID-19 virus while incarcerated. While the court is cognizant of Ralston's concerns for his health, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release..." *United States v. Rushton*, No. 4:18-CR-329, 2020 WL 2104554, at *2 (N.D. Ohio May 1, 2020). As of this writing, there are no confirmed COVID-19 cases in USP Hazelton.

---

[2] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at- the-media-briefing-on-covid-19---11-march-2020).

[3] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring- national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/.

[4] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 20, 2020).

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendant, Nathan Ralston, for compassionate release (DN 101) is **DENIED.**

**IT IS SO ORDERED.**

May 20, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:    Counsel of Record